# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:19-CR-57-ADA |
| | § | |
| **REDARIOUS RACHARD SMOOT** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The defendant was convicted of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced the defendant to 36 months in BOP custody, followed by a three-year term of supervised release. On August 27, 2021, the defendant was released to supervision.

1

On February 4, 2022, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instance:

**Violation Number 1:** The defendant did violate mandatory condition 1, in that, on or about December 29, 2021, in the Western District of Texas, the defendant unlawfully, knowingly, and intentionally did possess with intent to distribute a controlled substance which offense involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii).

**Violation Number 2:** The defendant violated mandatory condition 1, in that on or about December 29, 2021, in the Western District of Texas, the defendant, being a person who knew he had previously been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year, to wit:

On December 10, 2008, Redarious Rachard Smoot was convicted of Possession of a Firearm with Deferred Serial Number in the Circuit Court of Cook County, Illinois, in Cause Number 69,375;

On July 8, 2013, Redarious Rachard Smoot was convicted of Tampering with Physical Evidence in the 426th Judicial Court of Bell County, Texas, in Cause Number 69,375;

On July 8, 2013, Redarious Rachard Smoot was convicted of Possession of a Controlled Substance One Gram or More but Less than Four Grams in the 426th Judicial District Court of Bell County, Texas in Cause Number 71,458;

January 19, 2019, Redarious Rachard Smoot was convicted of the Lesser Included Offense of Possession of a Controlled Substance One Gram or More but Less than Four Grams in the 27th Judicial District Court of Bell County, Texas in Cause Number 75036;

On September 19, 2019, Redarious Rachard Smoot was convicted of Possession of a Firearm by a Convicted Felon in the United States Court for the Western District of Texas, Waco Division, in Cause Number W-19-CR-057; did knowingly possess the following firearm, to wit:

A Taurus Rossi R461, .357 caliber handgun bearing serial number DP184168; said firearm having moved in commerce and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**Violation Number 3:** The defendant violated mandatory condition number one, in that on or about December 29, 2021, in the Western District of Texas, Defendant Redarious Rachard Smoot, did knowingly possess the following firearm, to wit: a Taurus Rossi R461, .357 caliber handgun bearing serial number DP184168; in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**Violation Number 4:** The defendant violated mandatory condition number one, in that on or about December 29, 2021, in the Western District of Texas, Defendant Redarious Rachard Smoot unlawfully, knowingly, and intentionally did possess with intent to distribute heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

At the hearing, the Defendant pleaded no contest to the violations. The Government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

## II.  FINDINGS OF THE COURT

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea to the allegations.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for time served, with no supervision to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of March 2023.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE